**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

V.P., a minor, by and through her mother,
NINA KATHERINE PARENT, custodial parent
and next friend,

      Plaintiffs,                             Case No.:

v.

AMAZON.COM, INC.,

      Defendant.

_____/

## COMPLAINT

Plaintiffs, **V.P.** a minor, by and through her mother, **NINA KATHERINE PARENT,** custodial parent and next friend, (hereafter referred to as "Plaintiffs"), by and through their undersigned counsel, **JOHNSON BECKER, PLLC** hereby submit the following Complaint and Demand for Jury Trial against Defendant **AMAZON.COM, INC**. (hereafter referred to as "Amazon," and "Defendant"), and allege the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.  Amazon markets, imports, distributes and sells a wide-range of consumer products, including the subject "Instant Pot Programmable Smartcooker," which specifically includes the Smart-60 model (referred to hereafter as "pressure cooker(s)" or "Subject Pressure Cooker") that is at issue in this case.

2.  The subject pressure cooker marketed, imported, distributed, and sold by Amazon and designed, manufactured, marketed, imported, distributed and/or sold by Instant Brands, Inc. ("Instant Brands"). Instant Brands is currently engaged bankruptcy proceedings in the United

States Bankruptcy Court for the Southern District of Texas, and an automatic stay has been imposed.  See In re: Instant Brands Acquisition Holdings, Inc., et. al., 4:2023-bk-90716 [Dkt. 1].

3.      The subject pressure cooker is touted for its "safety"[1]  and it is asserted that each unit possesses "10 proven safety mechanisms"[2] that purport to keep the user safe.  Despite these claims of "safety," Amazon marketed, distributed and sold a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

4.      Specifically, said defects manifest themselves when, despite the forgoing statements, the lid of the pressure cooker is removable with built-up pressure, heat, and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families, and other bystanders. In this case, the lid was able to be rotated, opened, and removed while the pressure cooker retained pressure, causing Plaintiff V.P. serious and substantial bodily injuries and damages.

5.      Problems with the Smart-60 Model pressure cooker are not news to Defendant.  In addition to the dangerous lid defects, on July 15, 2015, Defendant, in connection with the Consumer Product Safety Commission (CPSC), announced a recall of over 1,000 "Smart" and "Smart-60" pressure cookers after receiving reports of consumers being shocked while using the pressure cookers.[3]

6.      Amazon knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers

---

[1] *See*, https://instantpot.com/pages/manuals-and-resources (last accessed April 8, 2025)
[2] *Id.*
[3] *See* the CPSC Recall Notice from July 15, 2015 (https://www.cpsc.gov/Recalls/2015/Instant-Pot-Pressure-Cookers-Recalled-by-Double-Insight).

of the serious risks posed by the defects, and failing to issue a recall related to these defects regardless of the risk of significant injuries.

7.    As a direct and proximate result of Defendant's conduct, Plaintiffs in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFFS NINA KATHERINE PARENT & V.P.

8.    Plaintiffs are residents and citizens of the city of Longwood, County of Seminole, State of Florida.  Plaintiffs therefore are residents and citizens of the State of Florida for purposes of diversity pursuant to 28 U.S.C. § 1332.

9.    Plaintiff V.P. is two years old, and resides with both of her parent, Plaintiff Nina Katherine Parent, who is co-Plaintiff to this action.

10.    On or about May 5, 2023, Plaintiff V.P. suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid ability to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed us of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff V.P.  The incident occurred as a result of the failure of the pressure cookers supposed "safety mechanisms," which purport to keep the consumer safe while using the pressure cooker.

## DEFENDANT AMAZON.COM, INC.

11.    Defendant Amazon markets, imports, distributes and sells a variety of consumer products, including the subject pressure cooker in this case.

12.    Defendant Amazon is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Washington with its headquarters and principal place of business located in Washington. Amazon does business in all 50 states. Amazon is therefore

deemed to be a resident and citizen of the State of Washington for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

13.    At all times relevant, Amazon substantially participated in the marketing, import, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

15.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

16.    Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Florida and intentionally availed itself of the markets within Florida through the promotion, sale, marketing, and distribution of its products.

17.    Instant Brands is currently engaged bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay has been imposed. *See In re: Instant Brands Acquisition Holdings, Inc., et. al.*, 4:2023-bk-90716 [Dkt. 1].

## FACTUAL BACKGROUND

18.    Defendant is engaged in the business of marketing, importing, distributing, and selling the pressure cookers at issue in this litigation.

19.    Defendant markets, advertises, and sells its pressure cookers as "convenient and kitchen-friendly time saver[s]"[4] and repeatedly boasts about its pressure cookers' purported "proven safety mechanisms."[5]

---

[4] *See*, https://instantpot.com/pages/manuals-and-resources (last accessed April 8, 2025)
[5] *Id.*

20.     For instance, it's claimed that each unit possesses "10 proven safety mechanisms and patented technologies" which "include lid position monitoring, locking the lid under pressure, electronic pressure and temperature control, dry burn detection with automatic shutoff, over-pressure protection, and temperature and electrical current limiting fuse."[6]  It is further boasted that the Instant Pots have "earned the entrusted UL certification by going through the rigorous UL lab testing,"[7] misleading consumers into believing the pressure cookers are reasonably safe for their normal, intended use.

21.     By reason of the forgoing acts or omissions, the above-named Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

22.     Plaintiff used the pressure cooker for its intended purpose of preparing meals for herself and/or her family and did so in a manner that was reasonable and foreseeable by the Defendant.

23.     However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendant in that it failed to properly function as to prevent the lid from being rotated, opened, and removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiffs, her family, and similar consumers in danger while using the pressure cookers.

24.     Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

---

[6] *Id.*
[7] *Id.*

25.     Further, Defendant's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiffs directly in harm's way.

26.     Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

27.     Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiffs and the public.  Nevertheless, Defendant continues to ignore and/or conceal their knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of its pressure cookers, demonstrating a callous, reckless, willful, and depraved indifference to the health, safety, and welfare of Plaintiffs.

28.     Consequently, the Plaintiffs in this case seek damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiffs to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

29.     At the time of Plaintiff V.P.'s injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiffs.

30.     Defendant's pressure cookers were in the same or substantially similar condition as when they left the possession of Defendant when Plaintiffs used her pressure cooker

31.     Plaintiffs did not misuse or materially alter the pressure cooker.

32.     The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

6

33.    Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

   a.   The pressure cookers designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b.   The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use; and

   c.   Defendant failed to properly market, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur.

34.    Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

   **WHEREFORE**, Plaintiff demands judgment against Defendant for damages, including punitive damages according to proof, together with interest, costs of suit and all such other relief as the Court deems proper.

## COUNT II
## NEGLIGENCE

35.    Defendant has a duty of reasonable care to market and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiffs.

36.    Defendant failed to exercise ordinary care in the distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiffs and consumers alike.

37.    Defendant was negligent in the marketing and sale of its pressure cookers in that, among other things, it:

   a.   Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

   b.   Placed an unsafe product into the stream of commerce; and

c.  Was otherwise careless or negligent.

38.     Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant continued to market its pressure cookers to the general public (and continues to do so).

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, including punitive damages according to proof, together with interest, costs of suit and all such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demands judgment against the Defendant for damages, including punitive damages if applicable, to which they are entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a.  judgment for Plaintiffs and against Defendant;

b.  damages in excess of $75,000 to compensate Plaintiffs for their injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's pressure cookers;

c.  pre and post judgment interest at the lawful rate;

d.  a trial by jury on all issues of the case;

e.  leave to amend this complaint to include punitive damages, according to proof;

f.  for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

8

Respectfully Submitted,

Dated: April 8, 2025                      **JOHNSON BECKER, PLLC**

*/s/ Lisa A. Gorshe, Esq.*
Lisa A. Gorshe, Esq. (FL #122180)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (f)
lgorshe@johnsonbecker.com

***Attorneys for Plaintiffs***

9